IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARSHALL ELEVATOR COMPANY, )
INC., )
 )
      Plaintiff, )
 )
      v. )   Civil Action No. 10-1715
 )
INTERNATIONAL UNION OF )
ELEVATOR CONTRACTORS, )
 )
      Defendant. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                     January 21, 2011

      This is an action for declaratory and injunctive relief. Plaintiff, Marshall Elevator Company, Inc. ("Marshall"), alleges that defendant, International Union of Elevator Contractors ("IUEC"), should be enjoined from proceeding to arbitration because the issue underlying IUEC's grievance is not arbitrable. The arbitration proceedings are scheduled for January 25, 2011.

      Before the court is Marshall's motion for a temporary restraining order. [Doc. No. 8]. In moving for the temporary restraining order, Marshall contends that if IUEC is allowed to proceed to arbitration, Marshall will suffer loss of productivity while its employees, who are IUEC members, prepare for, and testify at, the arbitration proceedings. Marshall

further argues that it will be forced to incur related costs and fees despite the existence of an outstanding dispute as to the arbitrability of the underlying issue. Marshall requests that this court stay the arbitration proceedings until it has resolved whether or not the issue underlying IUEC's grievance is arbitrable.

A temporary restraining order under Fed.R.Civ.P. 65(b) may be granted only where it clearly appears from specific facts shown by affidavit, or by the verified complaint, that immediate and irreparable injury, loss, or damage will result to the applicant.

At this juncture, IUEC has responded to Marshall's motion for a temporary restraining order and the parties have indicated that the motion can be decided on the pleadings. The arbitrability of the issue underlying IUEC's grievance is now ripe for consideration. For the reasons that follow, Marshall's request for a temporary restraining order will be denied.

I. BACKGROUND

Marshall, through its representative Elevator Contractors of America, is a party to a collective bargaining agreement ("CBA") with IUEC. Marshall is in the commercial elevator and escalator business, and its employees are represented by IUEC. Marshall's owners, Robert and Lynda Jamison, acquired and formed MSA, LLC in March of 2006. MSA is

2

in the residential elevator, dumbwaiter, wheelchair lift, and stair lift business. MSA's employees are not represented by a labor union.

IUEC discovered that MSA was created and alleged that Marshall was engaging in unfair labor practices. Specifically, IUEC alleged that MSA was a nonunion elevator company that performed identical work to that which was previously performed by Marshall's union employees. IUEC further alleged that MSA's residential elevator work falls within the recognized work jurisdiction under the CBA.

IUEC ultimately filed a grievance on December 6, 2009, claiming that the transfer of work from Marshall to MSA violated the CBA. IUEC claims that Marshall and MSA are operating as a single employer or are alter egos.

After several months of investigating the grievance, IUEC and Marshall were unable to settle the matter. On August 6, 2010, IUEC's counsel submitted a request for impartial arbitration to the American Arbitration Association in accordance with the procedures set forth in the CBA. IUEC and Marshall selected arbitrator Donald McPherson to hear the grievance and selected January 25, 2011 as the hearing date.

On December 21, 2010, Marshall filed a complaint for declaratory and injunctive relief. In the complaint, Marshall requests that this court enjoin IUEC by way of preliminary

injunction from proceeding with arbitration because the issue as to whether Marshall and MSA are alter egos is not arbitrable. Marshall argues further that this court should determine on the merits that Marshall and MSA are separate employers and that MSA is not subject to the CBA between Marshall and IUEC. On January 14, 2011, Marshall filed a motion for a temporary restraining order seeking to stay the scheduled January 25, 2011 arbitration hearing pending this court's decision on the arbitrability of IUEC's grievance.

II. <u>LEGAL STANDARD</u>

A temporary restraining order or a preliminary injunction should be granted where the party seeking such relief satisfies the traditional four-factor test:

(1) A likelihood of success on the merits;

(2) He or she will suffer irreparable harm if the injunction is denied;

(3) Granting relief will not result in even greater harm to the nonmoving party; and

(4) The public interest favors such relief.

<u>Miller v. Mitchell</u>, 598 F.3d 139, 147 (3d Cir. 2010) (citing <u>Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.</u>, 386 F.3d 514, 524 (3d Cir. 2004)).

4

III. DISCUSSION

We now consider Marshall's likelihood of success on the merits. Here, we are to consider the merits of Marshall's contention that the issue underlying IUEC's grievance is not arbitrable, but not the merits of the ultimate question: whether MSA and Marshall are a single employer or are alter egos. However, we must first address whether the arbitrator has the independent authority to determine whether a matter is arbitrable under the CBA.

The principles of relevant labor law which govern this dispute are well settled. "[A]rbitration is clearly the preferred method for resolving disputes between the union and the employer." Local 827, Intern. Broth. of Elec. Workers, AFL-CIO v. Verizon New Jersey, Inc., 458 F.3d 305, 309 (3d Cir. 2006) (quoting Butler Armco Independent Union v. Armco, Inc., 701 F.2d 253, 255 (3d Cir. 1983)). However, arbitration "is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Id. (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)).

Unless the parties clearly indicate otherwise, the issue of whether a matter is arbitrable is one to be determined by the courts on the basis of the contract entered into by the parties, and not by the arbitrator. Atkinson v. Sinclair

5

Refining Co., 370 U.S. 238, 241 (1962); AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648-649 (1986).

In the CBA, there is no indication that arbitrator has jurisdiction to decide the foundational issue of whether a matter is arbitrable. Therefore, it is proper for this court to determine whether IUEC's grievance constitutes an arbitrable issue.

Second, we must determine whether the single employer issue is arbitrable under the CBA. In the CBA, under the heading "Arbitration", there is a broad arbitration provision, which reads as follows:

> Any difference or dispute regarding the application and construction of the Agreement shall be referred to as a "grievance" and shall be resolved under the following procedure. Both parties commit to make an earnest effort to resolve differences in accordance with the procedure outlined below.

[Doc. No. 12-1, Article XV, Par. 1]. The paragraphs that follow discuss the procedure the parties are required to follow to proceed to arbitration. There is no language that limits what issues are arbitrable.

It is well settled that there is a strong presumption in favor of arbitration. Nolde Brothers, Inc. v. Local 358, Bakery & Confectionary Workers Union, AFL-CIO, 430 U.S. 243, 254 (1977). Moreover, any ambiguity in a contract with regard to

6

the parties' duty to arbitrate their grievances must be resolved in favor of arbitration. Lehigh Portland Cement v. Cement, Lime, Gypsum, and Allied Workers Division, 849 F.2d 820, 822 (3d Cir. 1988). Additionally, "if an issue is to be excluded from arbitration, it should be expressly excluded, or if not expressly excluded, 'only the most forceful evidence of a purpose to exclude the claim from arbitration' will suffice to exclude the claim." Eichleay Corp. v. Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers, 944 F.2d 1047, 1058 (3d Cir. 1991) (quoting AT&T Technologies, 475 U.S. at 650).

There is nothing in the CBA's broad arbitration provision that creates ambiguity as to whether IUEC's grievance is subject to arbitration. Furthermore, there is no language expressly excluding single employer or alter ego grievances from arbitration, nor is there forceful evidence supporting such exclusion. However, Marshall argues that because MSA and the Jamison's are not signatories to the CBA, the single employer issue is outside the scope of the arbitrator's jurisdiction and is properly decided by this court.

An arbitrator may make alter ego determinations in cases where a union alleges that an "employer, who is a party to a collective bargaining agreement, funnels work to its subsidiary in an effort to avoid the employer's obligations under the collective bargaining agreement." International

7

<u>Association of Heat and Frost Insulators and Asbestos Workers Local Union 42 v. Absolute Environmental Services, Inc.</u>, 814 F. Supp. 392, 404 (D. Del. 1993) (citing <u>Eichleay</u>, 944 F.2d at 1059). Marshall is the employer and also the party to the CBA with IUEC. IUEC is alleging that Marshall is transferring work to MSA in an effort to avoid their obligations under the CBA. Thus, IUEC's allegations against Marshall place their grievance squarely within the jurisdiction of the arbitrator.

Therefore, we find that, with respect to whether or not IUEC's grievance involves an arbitrable issue, Marshall is not likely to prevail on the merits. As such, we need not consider the likelihood of Marshall's success on the ultimate question regarding whether Marshall and MSA are alter egos.

With regard to the other factors relevant to addressing a motion for a temporary restraining order, we find that Marshall has not set forth a factual basis which demonstrates that irreparable injury will result if a temporary restraining order is not entered. The potential loss of productivity during arbitration or the incursion of fees and costs associated with arbitration does not constitute irreparable injuries incapably of remedy by other means. This is especially true given that the CBA requires that the parties share the costs of arbitration equally and that Marshall would

incur costs arguing the alter ego issue if it were to be decided in this court. [Doc. No. 12-1, Article XV, Par. 10].

Additionally, there is nothing that tips the balance of equities in favor of one party as a result of proceeding to arbitration. Finally, it is clear that the public interest favors employer and union disputes to be resolved through arbitration.

Accordingly, plaintiff's request for a temporary restraining order will be DENIED.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHALL ELEVATOR COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL UNION OF ELEVATOR CONTRACTORS, <br><br> Defendant. | Civil Action No. 10-1715 |

ORDER

AND NOW, this 21st day of January, 2011, IT IS HEREBY ORDERED that Marshall Elevator Company, Inc.'s motion for a temporary restraining order [Doc. 8] is DENIED.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record